McKinney, J.,
delivered the opinion of the Court.
The prisoner was indicted and convicted, in the Criminal Court of Memphis, under the 32d section of the penal code, for fraudulently keeping in his possession the counterfeit resemblance, or imitation, of a bank note, of the denomination of ten dollars, of “ The Merchants’ Bank of Nashville, State of Tennessee,” — “ a corporation established by law, and authorized as a Bank in the State of Tennessee.”
The note — a copy of which is set out in the indictment — purports to have been issued by “The Merchants’ Bank,” and to he payable at Nashville, and bears date August 12th, 1857.
Parol evidence was admitted, though objected to, to show that “a corporation existed, and was located in *593 Nashville, Tennessee, the style of 'which was the “Merchants’ Bank.” It seems from the proof, however, that this bank had never issued any notes of the denomination of ten dollars.
The bank spoken of in the proof, seems to have been one of the “ Tree Banks,” organized under the act of 1851 — 2, ch. 113.
By said act, “any person, .or association of persons,” on complying with the conditions and requirements therein prescribed, is authorized to engage in, and “carry on the business of' banking.” The act requires, however, “that before commencing said business, such person or association make, and, after the manner of a deed of •conveyance, acknowledge and cause to be registered in the office of the register of the county where said business is to be carried on, a written memorandum, specifying, 1: The name by which the bank is to be distinguished, &c.; 2: The place and county where the operations of said (bank are to be carried on; 3: The amount of capital .stock, &c.; 4: the names and places of residence of the share-holders, &c.; 5: the period at which said bank shall commence and terminate, &c., “ a copy of which memorandum from the register’s office, duly certified by him, shall be filed by such person or association, in the office of the Secretary of State; and said memorandum, or á copy thereof duly certified, either by the Register or Secretary of State, may be used as evidence in all courts and places, for and against such person or association.” And, “ on complying with the conditions aforesaid, such person or association, by the name stated in the momorandum aforesaid, shall be a body politic and corporate, and haye succession,” &c.
*594 The mode of organisation of a hank, under the statute, being thus provided for, the first question for our determination is — can parol evidence, if objected to, be received to show the organisation and existence of a bank under the law?
We think not. We can take judicial notice of the statute authorizing such banks t© be established, but we cannot take judicial notice of the books of the County-Register, or of private papers lodged' in the office of the Secretary of State 7 and only from one or other of these sources can it be judicially known that such a corporation legally exists. The statute has made the “ memorandum, or a copy thereof, duly certified, either by the Registe? or Secretary of State,” the proper evidence of the creation and existence of the bank. We are of ©pinion, therefore, that the parol evidence was improperly admitted.
The objection, that no- notes of the denomination of ten dollars had been put in circulation by the ^Merchants’ Bank,” if the fact were admitted - to be so, has nothing in it. By the third section of the act, the banks organized under its provisions, are empowered te> issue and circulate notes “ of the different denominations authorized to be issued by the incorporated banks of this State.” It is quite sufficient to sustain the prosecution, that the bank had lawful authority to issue notes of the denomination of ten dollars 7 whether, in fact, any such notes were issued, is an immaterial inquiry the artifice of varying the denomination from that of the genuine notes in circulation, cannot avail the offender.
The. misnomer of the bank, in the indictment, is, *595 perhaps, cured by setting out' the note in words and figures — the name of the corporation being substantially correct — in the forged note.
Judgment reversed.